IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Cyber One Solutions, LLC | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-01032 |
| CyberOne, LLC | § § | |
| Defendant. | § § § § § | |

**COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff Cyber One Solutions, LLC ("*Plaintiff*"), appearing herein through the undersigned counsel, files this Complaint against Defendant CyberOne, LLC ("*Defendant*"), respectfully stating as follows:

### I.    PARTIES

1.    Plaintiff Cyber One Solutions, LLC is a Texas limited liability company located at 1110 E NASA Pkwy # 630, Houston, TX 77058.

2.    Upon information and belief, Defendant CyberOne, LLC is a Delaware limited liability company located at 6851 Communications Parkway, Plano, TX 75024.  Defendant may be served by summons directed to CyberOne, LLC, c/o Northwest Registered Agent Service, Inc., Registered Agent, 8 The Green, Ste B, Dover, De 19901.

### II.    NATURE OF THE ACTION; JURISDICTION OF THE COURT

3.    This is an action for (i) federal trademark infringement, (ii) common law trademark infringement, (iii) federal false designation of origin and unfair competition, and (iv) common law

unfair competition, in violation of the Lanham Act (15 U.S.C. §§ 1114, 1116, and 1125) and Texas state law.

4.     This Court has subject matter jurisdiction over the action under the Trademark Act of 1946, 15 U.S.C. §§ 1121 and 1125(a), and under the Judicial Code of the United States, 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case and controversy.

5.     This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has committed and continues to commit the wrongful acts of trademark infringement and unfair competition in this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred within this judicial district.

### III.    FACTS GIVING RISE TO THIS ACTION

**A.    Plaintiff's Business and Trademarks**

7.     Since at least as early as 2018, Plaintiff has provided a variety of information technology (IT) and computer services, including cybersecurity services and related consulting services, under the trade name and trademarks CYBER ONE SOLUTIONS and CYBER ONE SOLUTIONS & Design (  ) (collectively, the "***CYBER ONE Marks***").

8.     Plaintiff has substantially exclusively and continuously used the CYBER ONE Marks in connection with such IT and computer services, and Plaintiff has expended considerable effort and expense in promoting and offering its services under the CYBER ONE Marks. As a result of these efforts, the CYBER ONE Marks have become strongly identified by the public with Plaintiff, and Plaintiff enjoys substantial goodwill in the CYBER ONE Marks.

9.      Plaintiff and the CYBER ONE Marks are well-recognized throughout Texas and across the United States as a leading IT and computer services provider and consultant.  Plaintiff's customers are located across the nation.

10.      Many of Plaintiff's customers have shared positive online reviews regarding Plaintiff's services on platforms such as Google, Yelp, and Facebook dating back 6 years.

11.      Plaintiff collaborates with various strategic partners that offer specialized technologies and capabilities to Plaintiff's customers through Plaintiff, including Amazon Web Services, Microsoft, and SentinelOne.

12.      Plaintiff invests a great deal of effort and money in advertising its offerings under the CYBER ONE Marks through its business website located at <www.cyberonesol.com>, social media pages, and other internet platforms.

**B.      Plaintiff's Trademark Registration and Application**

13.      Consistent with its use of and common law rights in the CYBER ONE Marks, Plaintiff owns the following valid and subsisting federal trademark registration ("***Plaintiff's Registration***") and pending federal trademark application ("***Plaintiff's Application***"):

| Mark & Reg./App. No. | Goods/Services | App. Date | Reg. Date | 1st Use in Commerce Date |
|---|---|---|---|---|
| CYBER ONE SOLUTIONS<br><br>Reg. No. 7,287,221 | International Class 37: *Repair or maintenance of computers*<br>International Class 38: *Internet service provider (ISP); Voice over internet protocol (VOIP) services*<br>International Class 42: *Computer services, namely, cloud hosting provider services; Computer services, namely, on-site management of information technology (IT) systems of others; Computer services, namely, remote management of the information technology (IT) systems of others; Consulting in the field of IT project management* | Mar. 09, 2023 | Jan. 23, 2024 | Jan. 1, 2018 |

| Mark & Reg./App. No. | Goods/Services | App. Date | Reg. Date | 1st Use in Commerce Date |
|---|---|---|---|---|
| **CYBER ONE SOLUTIONS**<br><br>App. No. 97/709,529 | <u>International Class 37</u>: *Repair or maintenance of computers* <u>International Class 38</u>: *Internet service provider (ISP); Voice over internet protocol (VOIP) services* <u>International Class 42</u>: *Computer services, namely, cloud hosting provider services; Computer services, namely, on-site management of information technology (IT) systems of others; Computer services, namely, remote management of the information technology (IT) systems of others; Consulting in the field of IT project management; Information technology consulting services* | Dec. 08, 2022 | N/A | Jan. 1, 2018 |

True and correct copies of the registration certificate for Plaintiff's Registration dated January 23, 2024, and Trademark Status Reports from the United States Patent and Trademark Office (the "*USPTO*") for Plaintiff's Registration and Plaintiff's Application captured on November 21, 2024, are attached as **Exhibit A**.

14.     Pursuant to 15 U.S.C. § 1115, Plaintiff's Registration represents prima facie

evidence of the validity of the mark CO CYBER ONE SOLUTIONS & Design (  ) and plaintiff's exclusive right to use the mark in connection with the covered services in International Classes 37, 38, and 42 in United States commerce.

**C.     Defendant's Wrongful, Unauthorized, and Misleading Conduct**

15.     On July 2, 2021, Defendant formed a limited liability company entitled "CYBERONE LLC" in the State of Delaware.  On January 25, 2022, Defendant filed an Application for Registration of a Foreign Limited Liability Company with the Office of the Secretary of State of Texas under the entity name "CyberOne LLC".  True and correct copies of

the entity details from the Delaware Division of Corporations as of November 21, 2024, and the

Application for Registration of a Foreign Limited Liability Company dated January 25, 2022, filed

in the Office of the Secretary of State of Texas are attached as **Exhibit B**.

16.      On information and belief, in 2021 and/or 2022, when or soon after Defendant

adopted the name Cyberone, LLC, Eric Johnson was an officer of Cyberone, LLC.  Eric Johnson

had previously worked with Plaintiff's founder, Brian Carrico, at Fulcrum Technology Solutions

LLC and, on information and belief, was aware that Mr. Carrico had formed Cyber One Solutions,

LLC by early 2018.

17.      On December 15, 2022, Defendant filed U.S. Application No. 97/719,094 for the

mark CYBERONE (the "***Infringing Mark***") covering "*Reseller services, namely, distributorship

services in the field of cybersecurity products and cybersecurity software; Value-added reseller

services, namely, distributorship services featuring cybersecurity products and cybersecurity

software* in International Class 35 and *Computer security consultancy; Computer security

consultancy in the field of scanning and penetration testing of computers and networks to assess

information security vulnerability; Computer security consultancy in the field of penetration

testing; Computer network security consultancy; Cybersecurity services in the nature of restricting

unauthorized access to computer systems; Data security consultancy; Internet security

consultancy; Technology consultation in the field of cybersecurity"* in International Class 42

("***Defendant's Application***").  Defendant's Application lists its first use date as November 2021

for its Class 35 and 42 services.  On September 19, 2023, Defendant's Application was suspended

by the USPTO in light of a potential likelihood of confusion between the Infringing Mark and two

prior-filed applications, including Plaintiff's Application.  A true and correct copy of the

Trademark Status Report from the USPTO database for Defendant's Application captured on

November 21, 2024, is attached as **Exhibit C**.

18.    Defendant provides computer cybersecurity services, including security and consulting services similar or identical to those of Plaintiff (the "*Infringing Services*") under the Infringing Mark.

19.    The Infringing Mark wholly encompasses the dominant portion of Plaintiff's CYBER ONE Marks, namely the term "CYBER ONE," and contains no other wording distinguishing the Infringing Mark from the CYBER ONE Marks.  However, Defendant is not and never has been affiliated with Plaintiff.

20.    On information and belief, Defendant offers directly competing services (the "*Infringing Services*") under the Infringing Mark throughout the United States to the same consumers and through the same trade channels as Plaintiff.

21.    On information and belief, Defendant actively offers, sells, and advertises the Infringing Services under the Infringing Mark through its business website located at <www.cyberonesecurity.com>, social media pages, and other internet platforms.

22.    According to Defendant's business website, Defendant collaborates with some of the same strategic partners as Plaintiff, including Amazon Web Services, Microsoft, and SentinelOne.

23.    A consumer looking to purchase cybersecurity computer services from Plaintiff based on the goodwill Plaintiff has built behind the CYBER ONE Marks could see Defendant's Infringing Mark and be confused or even mistakenly purchase Defendant's services. Indeed, Plaintiff has mistakenly been contacted by Defendant's own vendors and has had job applicants research the wrong company prior to interviews.

24.    Defendant's use of the Infringing Mark in connection with the Infringing Services allows Defendant to receive the benefit of the goodwill and recognition built up at great labor and expense by Plaintiff in the CYBER ONE Marks and allows Defendant to gain acceptance for its

services based not solely on Defendant's own merits, but on the reputation and goodwill of Plaintiff.

25.     Defendant's use of the Infringing Mark constitutes an invasion of valuable property rights of Plaintiff in the CYBER ONE Marks and in the attendant goodwill in a manner that unjustly enriches Defendant and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

**D.     Defendant's Opposition and Cancellation Actions and Admissions**

26.     On or around December 4, 2023, Defendant filed an extension of time to oppose Plaintiff's Application after the USPTO had published Plaintiff's Application on November 7, 2023.

27.     On March 6, 2024, Defendant filed a Notice of Opposition against Plaintiff's Application and a Petition for Cancellation against Plaintiff's Registration with the USPTO's Trademark Trial and Appeal Board (the "***TTAB***").

28.     Count II, Paragraph 8 of Defendant's Notice of Opposition against Plaintiff's Application alleges that "Applicant's identified goods in the '529 Application are identical to or related to the goods and services sold, distributed, marketed, and advertised in connection with Opposer's mark CYBERONE, including those good and services identified in  Opposer's '094 Application", and Count II, Paragraph 8 of Defendant's Petition for Cancellation against Plaintiff's Registration alleges that "Respondent's identified goods in the application for trademark registration 7287221 are identical to or related to the goods and services sold, distributed, marketed, and advertised in connection with Petitioner's mark CYBERONE, including those goods and services identified in Petitioner's '094 Application." True and correct copies of Defendant's Notice of Opposition and Petition for Cancellation both dated March 6, 2024, are attached as **Exhibit D**.

29.     Count II, Paragraph 9 of Defendant's Notice of Opposition against Plaintiff's Application states "[t]he registration of Applicant's Mark is likely to cause confusion, mistake, or deception and is also likely to create the erroneous impression that Opposer and Applicant are somehow related or associated, or that Opposer sponsors, approves, licenses, or endorses Applicant's services," and Count II, Paragraph 9 of Defendant's Petition for Cancellation against Plaintiff's Registration states "[t]he registration of Respondent's trademark registration 7287221 is likely to cause confusion, mistake, or deception, and is also likely to create the erroneous impression that Petitioner and Respondent are somehow related or associated, or that Petitioner sponsors, approves, licenses, or endorses Respondent's services".

30.     Count II, Paragraph 10 of Defendant's Notice of Opposition against Plaintiff's Application and Count II, Paragraph 10 of Defendant's Petition for Cancellation against Plaintiff's Registration both allege that the concurrent use of Defendant's Infringing Mark and the CYBER ONE Marks is likely "to cause mistake, or to deceive in violation of Section 2(d) of the Lanham Act, especially because both marks are used to market identical services, namely cybersecurity consulting services, as well as goods that are closely associated with the aforementioned cybersecurity software."

31.     Defendant also alleged in both the opposition and petition to cancel that Plaintiff committed fraud on the USPTO and suggested a concurrent use proceeding to geographically restrict Plaintiff's and Defendant's marks.

32.     Defendant's opposition and cancellation proceedings were consolidated on April 9, 2024, into a single proceeding before the TTAB (the "***TTAB Proceeding***") because of the overlapping subject matter involved, with opposition No. 91290152 designated as the "parent case" going forward.

33.     As part of the consolidated discovery phase, Defendant admits the following statements in response to Plaintiff's First Set of Requests for Admission: (a) ". . . . Opposer's Application U.S. Serial No. 97719094, filed December 15, 2022, is Opposer's first application to federally register CYBERONE as a trademark with the United States Patent and Trademark Office" (No. 1) and (b) ". . . . Applicant/Registrant's Application Serial No. 97709529 for the mark CYBER ONE SOLUTIONS was filed on the Principal Register before Opposer/Petitioner filed its Application Serial No. 97719094 for the mark CYBERONE" (No. 4). A true and correct copy of Defendant's Amended Admissions to Plaintiff's First Set of Request for Admission dated November 1, 2024, is attached as **Exhibit E**.

34.     In its amended responses to Plaintiff's First Set of Interrogatories, Defendant responds that: (a) "Opposer's attorney conducted a trademark clearance search in connection with the filing of Opposer's Application U.S. Serial No. 97719094" (No. 2), (b) "Opposer offers a range of products and services relating to cybersecurity under its CYBERONE mark" (No. 3), (c) "Opposer's CYBERONE mark is displayed in at least the following media: Website: www.cyberonesecurity.com, LinkedIn – created August, 20, 2021 https://www.linkedin.com/company/cyberonesecurity/, Facebook – created August 23, 2021 https://www.facebook.com/profile.php?id=100062870424058, Twitter / X – created in August, 2021 https://twitter.com/c1security" (No. 6), (d) "Opposer markets and sells its goods and services through trade shows, in-person events, LinkedIn marketing, and B2B digital marketing. Products are typically sold by way of a direct sales representative relationship. Online purchases occur when a customer requires that the product in question be purchased through a cloud marketplace provider. Opposer's customers are end user organizations in the public and private sector" (No. 10), and (e) "Opposer's first signed quote is dated February 18, 2022, and its first purchase order

is dated February 28, 2022." (No. 11). A true and correct copy of Defendant's Amended Responses to Plaintiff's First Set of Interrogatories dated November 8, 2024, is attached as **Exhibit F**.

35.     Since Defendant initiated the TTAB Proceeding, Plaintiff has been forced to expend considerable funds in defending its application and registration and has participated in good faith in the TTAB Proceeding, despite Plaintiff's clear priority in the CYBER ONE Marks.

**E.     Defendant Refuses to Stop Its Wrongful Conduct**

36.     On July 23, 2024, in an attempt to resolve this matter and cease continued spending on this frivolous matter by both sides, Plaintiff's Counsel sent Defendant's counsel-at-the-time a demand letter emphasizing Plaintiff's priority in the name and mark "CYBER ONE" in connection with IT and computer services through its prior first use date of the CYBER ONE Marks and highlighting Defendant's inadequate responses to all prior discovery requests.  The letter also expressed Plaintiff's objection to Defendant's continued use of the Infringing Mark.  A true and correct copy of Plaintiff's Counsel's letter to Defendant's counsel-at-the-time dated July 23, 2024, is attached as **Exhibit G**.

37.     To date, Plaintiff's Counsel has received no substantive response to its July 23, 2024, letter.  Defendant continues to offer, sell, and advertise the Infringing Services under the Infringing Mark to the same consumers as Plaintiff, Despite Plaintiff's priority in the name and mark "CYBER ONE" by nearly four years and Plaintiff's demands for Defendant to cease use of the Infringing Mark.  Plaintiff has also had to continue to defend its rights in the TTAB Proceeding and incur costs.

38.     The above-mentioned activities of Defendant are likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of Plaintiff, at least as to affiliation, approval, or sponsorship.  Further, Defendant's use of the Infringing Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff

has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill

and reputation for quality associated with Plaintiff's CYBER ONE Marks, Plaintiff's services, and

Plaintiff.

39.    The above-mentioned activities of Defendant have, on information and belief,

caused actual consumer confusion in the marketplace among actual and potential consumers of

both Plaintiff and Defendant.

40.    As discussed above and set forth in the counts below, Defendant's actions are unfair

and unlawful. On information and brief, Defendant's infringing actions constitute willful

infringement.

## IV.    CAUSES OF ACTION

### COUNT I
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

41.    Plaintiff repeats, realleges, and incorporates the allegations above as if fully set

forth in this cause of action.

42.    Plaintiff is owner of the design mark  covered by Plaintiff's

Registration (U.S. Trademark Registration No. 7,287,221) in connection with a variety of IT and

computer services in International Class 37, 38, and 42, which mark it has used since at least as

early as 2018.

43.    Plaintiff's rights in Plaintiff's Registration are valid, subsisting, uncancelled, and

unrevoked.

44.    On information and belief, Defendant began using the Infringing Mark in or around

November 2021 in connection with the Infringing Services in United States commerce without

Plaintiff's authorization.

45.     Defendant's Infringing Services under the Infringing Mark are identical and/or substantially similar to the services offered by Plaintiff under the CYBER ONE Marks and covered by Plaintiff's Registration.

46.     Defendant's conduct—including its prominent use of the Infringing Mark in conjunction with advertising and providing the Infringing Services—has caused and is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin sponsorship, or approval of Defendant's services by Plaintiff when such does not exist.

47.     Defendant's infringement of the CYBER ONE Marks was and is willful and deliberate because Defendant was aware of the CYBER ONE Marks prior to its use of the Infringing Mark or, alternatively, had constructive knowledge of the CYBER ONE mark of Plaintiff's Registration since at least March 9, 2023, when Plaintiff filed its first use-based U.S. trademark application and has actually been aware of the CYBER ONE Marks since no later than September 19, 2023, when the USPTO issued the Suspension Notice in light of Plaintiff's Application.

48.     Despite knowing of Plaintiff's senior rights in the wording "CYBER ONE" through the CYBER ONE Marks, Defendant has willfully continued to advertise, offer, and sell the Infringing Services under the Infringing Mark.

49.     Plaintiff has suffered and will continue to suffer irreparable harm, including loss of income, profits, and goodwill, as a result of Defendant's infringement and unfair competition of the CYBER ONE Marks, and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

50.     Defendant's acts, described above, constitute trademark infringement in violation of 15 U.S.C. § 1114, entitling Plaintiff to recover actual damages.

51.     Upon information and belief, Defendant's acts described above are intentional, willful, malicious, and deliberate, entitling Plaintiff to enhanced damages, attorneys' fees, and costs under 15 U.S.C. § 1117.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Mark to the CYBER ONE Marks and by Defendant's continuing disregard for Plaintiff's rights after being put on notice of the same.

52.     Plaintiff has been, is, and will be irreparably harmed by Defendant's infringement and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, will continue to infringe the CYBER ONE Marks, and Plaintiff is entitled to injunctive relief and to recover at least Defendant's profits, Plaintiff's actual damages, enhanced damages, and reasonable attorney fees under at least 15 U.S.C. § 1116 and 1117

## COUNT II
### (Trademark Infringement Under Texas Common Law)

53.      Plaintiff repeats, realleges, and incorporates the allegations above as if fully set forth in this cause of action.

54.     Plaintiff owns all rights, title, and interest in and to the CYBER ONE Marks, including common law rights in such marks that date back to at least 2018.

55.     The Infringing Mark is confusingly similar to the CYBER ONE Marks.

56.     Both Plaintiff and Defendant are engaged in trade and commerce in the State of Texas.

57.     Defendant has used and continues to use  the Infringing Mark in connection with the Infringing Services, which are identical or substantially similar to the services covered by the CYBER ONE Marks.

58.     Defendant's use of the Infringing Mark has caused and/or is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of

Defendant with Plaintiff, or as to the origin sponsorship, or approval of Defendant's services by Plaintiff when such does not exist.

59.     Defendant's use of the Infringing Mark has caused and if not enjoined will continue to cause damage to Plaintiff for which Plaintiff has no adequate remedy at law.

60.     Defendant's actions entitle Plaintiff to recover profits, damages, costs, and attorneys' fees under Texas common law.

## COUNT III
### (Federal False Designation of Origin and Unfair Competition – 15. U.S.C. § 1125(a))

61.     Plaintiff repeats, realleges, and incorporates the allegations above as if fully set forth in this cause of action.

62.     Defendant's conduct has and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff when such does not exist.

63.     Defendant's acts constitute false designation of origin, which is likely to cause and have caused confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Upon information and belief, Defendant's conduct was and is willful.

65.     The willful nature of Defendant's actions entitles Plaintiff to recover profits, damages, costs, and attorneys' fees under 15 U.S.C. § 1117(a).

66.     Plaintiff suffered and will continue to suffer irreparable harm as a result of such false designation of origin by Defendant and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendant will continue to misrepresent and mislead consumers to believe that its services are in some manner connected with, sponsored by, affiliated with, related to, or approval by Plaintiff when they are not.

## COUNT IV
### (Unfair Competition Under Texas Common Law)

67.     Plaintiff repeats, realleges, and incorporates the allegations above as if fully set forth in this cause of action.

68.     Upon information and belief, Defendant's unlawful acts were and continue to be willful and are likely to confuse, mislead, and deceive consumers and other members of the public and create a false impression in the minds of the public that Plaintiff is responsible for or at least affiliated with Defendant and the services promoted under the Infringing Mark, causing Plaintiff immediate and irreparable damage.

69.     Defendant's wrongful conduct constitutes unfair competition under Texas common law because Defendant has misappropriated the CYBER ONE Marks, and its use of the Infringing Mark is likely to cause consumer confusion.

70.     If Defendant's wrongful conduct continues, it will cause irreparable damage to Plaintiff, its trademark rights in the CYBER ONE Marks, and its goodwill and reputation.

71.     Accordingly, Plaintiff has been damaged, and unless Defendant is restrained and enjoined, Plaintiff will continue to be damaged by Defendant's acts as described above.

72.     Plaintiff has and continues to be irreparably injured by Defendant's unfair competition and has no adequate remedy at law.

## V.     ATTORNEYS' FEES

73.     Plaintiff repeats, realleges, and incorporates the allegations above as if fully set forth in this section.

74.     Plaintiff was required to retain the undersigned's services in the prosecution of this claim.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff seeks reasonable attorneys' fees in connection with this action.

## VI.  APPLICATION FOR INJUNCTIVE RELIEF

75.    Plaintiff repeats, realleges, and incorporates the allegations above as if fully set forth in this section.

76.    Defendant's acts are wrongful, violate the Lanham Act and Texas law, and have caused and are continuing to cause substantial and irreparable damage to Plaintiff for which there is no adequate remedy at law.  Defendant has improperly used and will continue to improperly use the Infringing Mark unless this Court prevents it from doing so.  Defendant's acts jeopardize the goodwill in Plaintiff's CYBER ONE Marks.  Such acts are deceptive to consumers and are continuing to cause irreparable damage to Plaintiff, for which there is no adequate remedy at law.  Plaintiff will continue to lose control over its own reputation and goodwill, and the public and consumers will likely continue to be confused, misled, and deceived by the fact that Defendant offers competing or related services using the Infringing Mark.  Plaintiff has a substantial likelihood of success on the merits and is therefore entitled to an injunction preventing Defendant's continued infringement, including an injunction against Defendant's continued use of the Infringing Mark.

77.    Plaintiff requests that Defendant, all companies owned or controlled by it either directly or indirectly, their employees, representatives, agents, members, and others acting in concert with them be preliminarily and permanently enjoined from use of the Infringing Mark or any mark confusingly similar to the CYBER ONE Marks in connection with the Infringing Services and any other services related to Plaintiff's IT and computer services.

## VII.  DEMAND FOR JURY TRIAL

78.    Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(i)      Defendant, its officers, members, managers, affiliates, agents, employees, servants, representatives, any entities owned or controlled by it either directly or indirectly, and all persons acting under or in concert with it, be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from using the Infringing Mark, or any other mark, word, or name confusingly similar to or including the CYBER ONE Marks in connection with any IT and computer services and related offerings;

(ii)     Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty days after entry of the injunction(s), a sworn written report setting forth in detail the manner in which Defendant has complied with the injunction(s);

(iii)    Judgment be entered that Defendant, its officers, members, managers, affiliates, agents, employees, servants, representatives, and any entities owned or controlled by it either directly or indirectly, and all persons acting under or in concert with it, have (i) infringed Plaintiff's CYBER ONE Marks and engaged in unfair competition and false designation of origin in violation of §§ 1114(1) and 1125(a) of Title 15 of the United States Code; and (ii) engaged in common law unfair competition and misappropriation and has been unjustly enriched at Plaintiff's expense, and judgment that all of these wrongful activities by Defendant were willful;

(iii)    Defendant be required to pay to Plaintiff actual, consequential, and compensatory damages sustained as a result of the activities complained of herein;

(iv)     Defendant be required to pay increased damages (including treble damages pursuant to 15 U.S.C. § 1117(a)) due to its willful infringement;

(iv)     Defendant be required to pay pre-judgment and post-judgment interest at the highest rates allowed by law;

(v)      Defendant be required to pay Plaintiff's costs and attorneys' fees associated with this action; and

(vi)   Plaintiff be awarded such other and further relief, legal or equitable, as the Court may deem just and proper.

Dated: November 21, 2024                    Respectfully Submitted,

*/s/ John C. Cain*
John C. Cain
State Bar No. 00783778
Eastern District Bar No. 00783778
Email: jcain@munckwilson.com
*Attorney-in-Charge*
Steven Spears
State Bar No. 18898150
Eastern District Bar No. 18898150
Email: sspears@munckwilson.com

**MUNCK WILSON MANDALA, LLP**
1330 Post Oak Boulevard, Suite 2850
Houston, Texas 77056
(832) 615-2744 Telephone

Allison R. Ainsworth
State Bar No. 24132233
Eastern District Bar No. 24132233

**MUNCK WILSON MANDALA, LLP**
Granite Park 1
5800 Granite Pkwy, Suite 290
Plano, TX 75024
(972) 628-3600 Telephone

**ATTORNEYS FOR PLAINTIFF,
CYBER ONE SOLUTIONS, LLC**